# WILLIAM F. PENTZ and Wife *vs.* THE CITIZENS' FIRE INSURANCE, SECURITY AND LAND COMPANY OF BALTIMORE CITY.

*Enforcement by an Insurance and Loan Company of the payment of the Weekly dues of a Member, by Fines and Forfeitures.*

The appellee, incorporated under the Act of 1868, ch. 471, loaned to the appellant, a member of the Corporation, $6000, on fifteen shares of its stock held by him, re-payable in weekly instalments, including principal, interest and premium of $33.75, each, and took from him a mortgage to secure the re-payment thereof. The appellant failed to pay the instalment due on Monday, the 19th of December, 1870, but tendered the amount on the succeeding day; the secretary of the corporation refused to receive it, unless he would pay the fine of $3.37 claimed to be due under a by-law of the Corporation, which provided that any person who refused to pay his weekly dues at the time required, should be fined ten cents weekly, for each and every dollar remaining unpaid. The appellant tendered on each succeeding Monday, up to the 16th of March, 1871, the date of the passage of a decree for the sale of the mortgaged premises, the amount of the accrued and accruing instalments as named in the mortgage, but refused to pay the fines claimed to be due by the appellee, and the appellee refused to accept the instalments without the fines. HELD:

Pentz and Wife *vs.* Citizens' Fire Insurance, Security and Land Co.

That while the appellant, by his failure to pay punctually the weekly instalment due on the 19th of December. 1870, subjected himself to the fine provided by a by-law of the appellee for such default, his tender thereafter of the weekly instalments as the same fell due, exempted him from liability to further fines. His refusal to pay the first fine did not give the appellee the right to impose additional fines.

APPEAL from the Circuit Court of Baltimore City.

The appellee, a corporation formed under the Act of 1868, ch. 471, and having for one of its objects the advance and loan of money upon any property, real, personal or mixed, loaned to the appellant William, a member of the corporation, $6,000, on his fifteen shares of its stock, to be re-paid in weekly instalments of $33.75, each, which included principal, interest and a premium of twenty-five cents on each share. To secure the payment of this instalment at the office of the appellee in Baltimore on every Monday for and during the term of five years, commencing on Monday, the 27th of June, 1870, the appellants executed a mortgage dated the 7th of July, 1870. It was agreed in the mortgage that the appellant William would pay such fines and penalties as might be imposed upon him by the by-laws of the Company; and that a decree might be passed for the sale of the mortgaged property under the provisions of sections 782 to 792 inclusive, of Article 4 of the Code of Public Local Laws, &c., the sale to take place after a default in any of the conditions of the mortgage should have continued for three calendar months. On the 16th of March, 1871, the appellee filed a petition alleging that the appellant William had made default in the payment of the weekly instalments provided for in said mortgage, for more than three months, and asking that a decree might be passed for the sale of the mortgaged property. A decree was accordingly passed on the same day, and the property was advertised for sale by the trustee. On the 18th of March, 1871, the appellants filed a petition denying any default in the premises, and praying leave to pay into Court the sum of $438.75, the amount admitted by them to

be due on account of said mortgage; and also that the sale and further execution of said decree might be suspended. The Court thereupon passed an order granting leave to the appellants to pay into Court the sum of $438.75 and staying all further proceedings until the further order of the Court. On the 25th of March in the same year, the appellee filed an answer to the appellants' petition denying the matters therein alleged in defence, and setting forth the amount claimed to be due on account of said mortgage—to wit: $519.75, the same being the amount paid into Court, together with one week's dues accrued under the mortgage after the filing of the appellants' petition, and also certain fines amounting to $47.25, claimed to be due for alleged defaults. On the 14th of April following an agreed statement of facts in the case was filed, together with a copy of the by-laws of the appellee, which are sufficiently set out in the opinion of this Court. On the 16th of June following, the Court (PINKNEY, J.,) passed an order rescinding its former order of the 18th of March, unless the fines, amounting to $47.25, and the expenses, were paid on or before a day specified.

From this order the present appeal was taken.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, ALVEY and ROBINSON, J.

*James Frame*, for the appellants.

The appellee, although a corporation formed under the Act of 1868, ch. 471, has not the power to enforce payment of instalments and dues by *fines and forfeitures.* It is not a Homestead or Building Association as contemplated by sections 84 to 91 inclusive, of that Act. The appellee is a corporation formed " for the purpose of loaning money on real and personal property," under section 92 of the Act of 1868. And the mortgage stipulates for the payment of a definite sum, $6,000, with interest, and a certain premium in addition thereto, in a definite and fixed time, five years. The appellee

stands simply as an ordinary mortgage creditor, and the mortgage must be regarded as an ordinary contract between individuals, unless the language of section 92 of the Act of 1868, be held to confer upon the appellee the same power to enforce payment of dues and instalments by fines and forfeitures, that is given to Homestead and Building Associations by section 85. The provisions of section 85, relating to fines and forfeitures are not applicable to the appellee. The power to enforce payments by fines and forfeitures is contrary to the spirit of equity, and in derogation of the law of mortgages as it stood prior to the recent enactments authorizing the formation of building societies; and therefore should not be extended beyond the limits laid down in the sections from 84 to 91 inclusive, without the clearest declaration of the intention of the Legislature. *Dwarris on Stat.*, 695, quoted and approved in *Hooper vs. The Mayor and City Council of Baltimore*, 12 *Md.*, 464, and *Keech vs. The Baltimore and Washington R. R. Co.*, 17 *Md.*, 32.

The power to fine is not in any sense applicable to the appellee. It is not necessary to the prosperous management of its concerns; nor do the reasons for granting the power exist as in the case of Homestead and Building Associations. *The Citizens' Mutual Loan Association vs. Webster*, 25 *Barb.*, 271, 272.

If the power to enforce payments by fines and forfeitures be not conferred by section 92—the case stands as though it were between individual creditor and debtor, and the fines and forfeitures are *penalties*, against which Equity will relieve. The appellants have tendered and paid into Court all that the appellee can demand, and are, therefore, entitled to relief. *Seton vs. Slade*, and *Slade vs. Hunter*, 7 *Vesey*, 273; *City Bank vs. Smith*, 3 *G. & J.*, 281.

But even if the provisions of section 85, Act of 1868, do apply to the appellee, the mortgage does not sufficiently stipulate for the payment of the fines and forfeitures demanded. *Robertson vs. The Am. Homestead, &c.*, 10 *Md.*, 397.

The mortgage is usurious, and the fines charged for non-payment of dues are charges over and above legal interest, which is all the appellee is entitled to recover, and hence not only the fines claimed, but the premiums mentioned in the mortgage, and also a portion of the interest paid, are unlawful.

If the appellee be entitled to recover fines under the mortgage, the amount actually due is not sufficient to bring the case within the jurisdiction of the Court. The fines for default on the 19th of December, 1870, amounted to $3.37— an amount below the jurisdiction of the Court. After that date there was no default. The appellant regularly tendered the accrued and accruing dues, premium and interest, and was not chargeable with fines in respect thereof.

*Samuel Snowden,* for the appellee.

The appellee being a corporation formed under the Act of 1868, ch. 471, *for the purpose of loaning money on real or personal property,* has the power to enforce the payment of dues by its members, by such fines and forfeitures as it may from time to time provide in its by-laws. 1868, *ch.* 471, *secs.* 85, 92.

By section 92, such provisions of the law as relate to Homestead and Building Associations, as may be found applicable to corporations for loaning money, &c., shall be held to apply to them. The power to enforce the punctual payment of the dues to be paid by its members, is as applicable to corporations for loaning money as it is to Building Associations; and the language of the law plainly expresses the intent of the law makers to confer upon corporations for loaning money, the same powers as those conferred upon Building Associations; and certainly no power would be more applicable than the power to fine. The fine is imposed for the purpose of compelling the members, whether they are borrowers or not, to pay the instalments upon their shares regularly every week, which is actually necessary to

the successful management of a corporation of that kind. The question is not whether the power to fine is an implied power, belonging to the appellee from the nature of its business, &c., but whether it is an express power contained in its Act of incorporation. The language employed in that Act is very plain, and as the appellee is a corporation for loaning money, it has the express power to adopt by-laws fining its members for default in payment of weekly instalments. *By-Law, Art.* 23, *sec.* 3.

These by-laws then enter into and form a part of the mortgage contract, if there be a sufficient reference in the mortgage to show that it was the intention of the parties; and the Court will then look to the by-laws to ascertain the amount due under a mortgage. The reference in the mortgage to the by-laws and Act of incorporation are full and explicit, shewing that it was intended at the time of the loan that they should form a part of the mortgage itself.

As by the agreement of the parties " *all other questions, except those relating to the right to recover the fines charged, were waived,*" no question in reference to usury can now be raised in this Court. Nor could it be done if there were no agreement, because the appellant has not pleaded or set it out specifically in his petition. *McKim vs. The White Hall Co.,* 2 *Md. Ch. Dec.,* 510; *Code, Art.* 95, *sec.* 5.

But the fines are not for the use of the money; they are pecuniary mulcts, which the corporation is permitted by its charter to impose upon its members for non-payment of the instalments as they become due, according to its by-laws; and they are really penalties imposed upon a member for his default. *Kelly on Usury,* 75 *Law Lib.,* 76, (*margin.*)

Nor can the premium be considered usurious, because the company is expressly authorized to charge " *such premium as may be agreed upon* "—(sec. 87.) This section recognizes two classes of building associations, one of which may charge a *premium,* and the other may buy the shares at a *discount.*

At the time when the petition in this case was filed, there was due to the company the sum of $519.75, including instalments and fines—a sum sufficient to sustain the jurisdiction of the Court. After the passing of the decree, under the agreement entered into between the parties, all the instalments were paid, and the Court, therefore, only directed the payment of the amount due for fines. If the appellee be entitled to collect the fines for the first default it is entitled to collect the fines for the failure to pay afterwards, because a valid tender was never made; as the full amount was never tendered, it was not bound to receive a less amount, and therefore there was no valid tender. *Fridge vs. The State,* 3 *G. & J.,* 103, 114.

STEWART, J., delivered the opinion of the Court.

By the agreement of the parties in this case, it is admitted that the appellee is a corporation, under the Act of 1868, ch. 471, and has, for one of its objects, the advance and loan of money or credits upon any property, real, personal or mixed, and that the copy of the by-laws filed, may be used as evidence in the case; that the appellant received from the corporation the sum of $6,000 on his fifteen shares of its stock, re-payable in weekly instalments, including principal, interest and premium of $33.75 each; that the appellant failed to pay the instalment, due on Monday, the 19th of December, 1870; that he tendered the amount on the succeeding day, but the secretary refused to receive it, unless he would also pay the fine then claimed to be due, to wit: $3.37; that the appellant tendered, on each succeeding Monday, up to the date of the decree in the cause, the amount of the accrued and accruing instalments as named in the mortgage, but refused to pay the fines claimed to be due by the appellee, and the appellee refused to accept the instalments without the fines.

The following by-laws are applicable—By-Law, Art. 13, sec. 6 : If any member, having received a loan, shall fail to

pay his weekly dues, interest, premium or fine, for ninety days, the Company may compel payment by the sale of the mortgaged property.

Art. 23, sec. 3—If any person shall neglect, omit or refuse to pay his weekly dues at the time required hereby, he shall be fined ten cents weekly for each and every dollar remaining unpaid.

The agreement waives all other questions except those relating to the right to recover the fines charged. The single fine, for the non-payment of the weekly dues, it seems, was $3.37½, and the appellee claims for fourteen fines, amounting to $47.25. Under these circumstances, the only question to be determined, is the right of the appellee to recover the fines claimed.

Assuming authority to exist in the corporation to make the loan in question upon the terms stipulated, and the power to provide such by-laws, and that the appellant, by his failure punctually to pay the weekly dues on Monday, the 19th of December, 1870, did subject himself to the penalty provided in the by-law, Art. 23, sec. 3—to wit: the fine of $3.37½, we do not perceive any ground for the infliction of the other fines because he did not pay this one.

If the appellant, regularly afterwards, tendered the *weekly dues*, including that omitted and the others, the refusal to pay the fine incurred did not subject him to the additional fines on that account.

The fine imposed was the penalty provided for the failure to pay his *weekly dues* accruing on the 19th December, 1870, and because that was not paid, gave no right to the appellee to subject the appellant to an additional *weekly fine*, because of such non-payment. The fine incurred did not become a part of his *weekly dues* embraced by the by-law, but was a distinct and independent liability, which by-law, Art. 13, sec. 6, provided, if not paid in ninety days, the Company might compel payment thereof by the sale of the mortgaged property, according to the purport of that provision.

Pentz and Wife *vs.* Citizens' Fire Insurance, Security and Land Co.

The tender of the accrued and accruing weekly instalments, protected the appellant against any additional fines, whilst his neglect or refusal to pay the incurred fine might subject him to the provisions of by-law, Art. 13, sec. 6.

The by-law, Art. 23, sec. 3, expressly provides for the non-payment of weekly dues—that is the proportion of the principal, the interest and the premium, and the forfeiture of ten cents weekly, for each and every dollar remaining unpaid.

If the fine incurred became part of the *weekly dues*, then ten cents per dollar might as well be claimed on that additional sum. We find no warrant for such construction of the by-laws of the Company. In no event, under the facts admitted, can the appellant be held accountable but for the failure to meet the weekly dues on the 19th of December, 1870.

Under the by-laws, he rendered himself liable to pay the fine of ten cents per dollar on his weekly dues, amounting to $3.37½.

Tender having been made by the appellant of all the instalments, and nothing remaining due except the fine aforesaid, a Court of Equity can give no relief for a matter below its jurisdiction. *Code, Art.* 16, *sec.* 78. A majority of the Court think the order below ought to be reversed.

*Order reversed.*

(Decided 12th January, 1872.)